1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT D. RUTLEDGE, JR.

11              Plaintiff,                    No. CIV S-06-1953 MCE GGH P

12        vs.

13   JOSEPH CHELLI, et al.,                   ORDER &

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He purports to seek relief pursuant

17   to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in

18   forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

19   U.S.C. § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

                                               1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

21  a complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25        Although plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983,

26  plaintiff does not demonstrate how this court has jurisdiction over the claims he has set forth.

1   Plaintiff names the following as defendants: Joseph Chelli, Director of the Social Services of the

2   County of San Joaquin; John Sieren, Social Worker for the County of San Joaquin; Christian

3   Steiner, Deputy Public Defender for the County of San Joaquin; Eaul D. Blansett, Deputy

4   District Attorney for San Joaquin County; Janine Molgaard - County Counsel for San Joaquin

5   County; John Parker, San Joaquin County Superior Court Judge.  Plaintiff alleges that he has

6   been denied equal protection of the law and has been threatened by his children's social worker,

7   defendant Sieren, who has stopped plaintiff's visits with his children, a year and a half before the

8   court stopped such visits.  Plaintiff has written the public defender who represented him,

9   evidently defendant Steiner, as well as various city officials, including the Stockton District

10  Attorney, the Stockton City Council and mayor, as well as State Senator Mike Machado.  These

11  officials provided responses, which he includes as exhibits, although he does not describe the

12  responses in his allegations.  The public defender wrote memos to plaintiff's files concerning the

13  problems.[1]  Complaint, p. 1 and Exhibits A through H.

14              The defendant social worker's unspecified threats and manipulation extended to

15  plaintiff's children.  Plaintiff has letters from his children, addressed to the judge, wherein his

16  eldest son indicates his desire to visit plaintiff and both children express fear of the Stockton

17  children's shelter and foster care.  Defendant Sieren preyed on that fear, prompting another letter

18  from plaintiff's oldest son.  Plaintiff's children never received his letters, to whom plaintiff wrote

19  continuously through defendant Sieren (the social worker), per the recommendation of the court.

20  The court ordered defendant Sieren to copy the letters and return them to plaintiff to prove that

21  the children had received the letters; however, plaintiff received few copies of his letters and the

22

23          [1] Plaintiff does not set forth specifically how he felt threatened by defendant Sieren; this
    court's review of two of the unauthenticated exhibits to his complaint, apparently copies of memos
24  from the defendant public defender (confusingly, the name "Steiner," the deputy public defender
    plaintiff has named as a defendant, does not appear on the memos anywhere), note that defendant
25  Sieren told the public defender that he (Sieren) had suggested that should plaintiff fail to relinquish
    his parental rights, Sieren, a former correctional officer, would seek to endanger plaintiff's life by
26  outing him as a molester so that he might be "shanked" while in prison.

1   court failed to act.  Defendant Sieren also coerced plaintiff's sister.  Defendant Sieren had

2   ulterior motives, as noted by the children's therapist.  These ulterior motives are evident when

3   the April 9, 2003, Social Service Workers Report is contrasted to the findings on the notice of

4   hearing petition dated fifteen days later.  The school progress report indicates the children

5   received passing grades when, in fact, they did not attend school and had to repeat grades.

6   Complaint, pp. 1-2, Exhibits J through Q.

7   Plaintiff feels threatened by upcoming matters with regard to the custody of his

8   children and his parental rights, due to previous statements made by defendant Sieren.  Even

9   though defendant Sieren is no longer the assigned social worker, it would take only one phone

10  call from the current (unnamed) social worker to place plaintiff in jeopardy.  Plaintiff believes

11  defendant should be criminally prosecuted, but otherwise does not set forth the relief he seeks.

12  Complaint, p. 3.

13  Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.

14  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,

15  (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for

16  the relief plaintiff seeks.  The complaint meets none of these requirements.  Rule 8 requires

17  "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

18  v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52

19  F.3d 640, 645 (7th Cir. 1995) (amended complaint

20  Although plaintiff purports to be suing pursuant to 42 U.S.C. § 1983, his vaguely

21  expressed allegations simply do not set forth any federal claim on which this court's jurisdiction

22  might rest.  Although plaintiff attaches exhibits to his complaint which may provide support for

23  the indefinitely framed allegations of his complaint, he may not place the burden on this court to

24  review his exhibits in order to discern whether his vague claims may thereby be made colorable.

25  Plaintiff's brief and passing and unsupported reference to a deprivation of equal protection is not

26  enough to provide this court jurisdiction over his claims regarding child custody issues and the

1   possibly criminal conduct of defendant Sieren.  To plead an equal protection violation, plaintiff

2   must allege he has been treated differently from others with whom he is similarly situated and

3   that the unequal treatment was the result of intentional or purposeful discrimination.   Freeman v.

4   Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Plaintiff has failed to set forth and link factual

5   allegations to his legal claims.  See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

6          Plaintiff fails to set forth any allegations whatever against defendant Judge Parker.

7   His vague reference to the court's failing to act with regard to the alleged misconduct of

8   defendant Sieren does not constitute even a sufficient identification of to whom he refers.

9   Although this action was not yet screened or served, defendant Parker filed a motion to dismiss

10  on October 31, 2006, to which plaintiff filed an opposition on November 22, 2006, and defendant

11  his reply on November 29, 2006.  Defendant first argues that under the Rooker-Feldman

12  doctrine, this court has no basis to exercise federal subject matter jurisdiction over plaintiff's

13  claims.

14          The Rooker-Feldman doctrine takes its name from Rooker v.
            Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362
15          (1923), and District of Columbia Court of Appeals v. Feldman, 460
            U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under
16          Rooker-Feldman, a federal district court does not have subject
            matter jurisdiction to hear a direct appeal from the final judgment
17          of a state court. The United States Supreme Court is the only
            federal court with jurisdiction to hear such an appeal.
18          Rooker-Feldman is a statute-based doctrine, based on the structure
            and negative inferences of the relevant statutes rather than on any
19          direct command of those statutes. See, e.g., In re Gruntz, 202 F.3d
            1074, 1078 (9th Cir.2000) (en banc) (" Rooker-Feldman is not a
20          constitutional doctrine. Rather, the doctrine arises out of a pair of
            negative inferences drawn from two statutes: 28 U.S.C. § 1331 ...
21          and 28 U.S.C. § 1257....").

22  Noel v. Hall, 341 F.3d 1148, 1154,-55 (9th Cir. 2003).

23          Defendant Parker also contends that, under the domestic relations exception, this

24  court lacks subject matter jurisdiction over these child custody issues, citing Ankenbrandt v.

25  Richards, 504 U.S. 689, 703, 112 S. Ct. 2206 (1992)("the domestic relations exception...divests

26  the federal courts of power to issue divorce, alimony, and child custody decrees.")   Defendants

1    point to Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986)("[e]ven when a federal

2    question is presented, federal courts decline to hear disputes which would deeply involve them in

3    adjudicating domestic matters.")

4           In opposition, plaintiff argues that he is not appealing custody issues decided in

5    state court but rather seeks to allege violations of his civil rights with regard to actions that

6    border on the criminal and seeks to proceed in this court pursuant to 28 U.S.C. § 1331 (federal

7    question).[2]

8           As the court elsewhere observes, however, among other deficiencies, plaintiff has

9    not sufficiently alleged within the complaint the basis for this court's jurisdiction over this

10   matter, nor set forth adequate factual allegations to support the court's jurisdiction.

11          Defendants also argue that Judge Parker is absolutely immune from suit, asserting

12   that the United States Supreme Court has consistently recognized the doctrine of judicial

13   immunity during and since the nineteenth century, citing Imbler v. Pachtman, 424 U.S. 409, 96 S.

14   Ct. 984 (1976) .  The Supreme Court has held that judges acting within the course and scope of

15   their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v.

16   Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967).  A judge is "subject to liability only when he has acted

17   in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7, 98 S. Ct.

18   1099, 1105 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction

19   is quite broad.  The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrate that the factors determining
> whether an act by a judge is a 'judicial' one relate to the nature of
> the act itself, i.e., whether it is a function normally performed by a
> judge, and to the expectations of the parties, i.e., whether they dealt
> with the judge in his judicial capacity.

23   Id. at 362, 98 S. Ct. at 1107.

24   \\\\\

---

26          [2]  "The district courts shall have original jurisdiction of all civil actions under the
Constitution, laws, or treaties of the United States."

1    Although plaintiff simply framed no allegations whatever against defendant

2    Parker in his original complaint, the logical inference is that any amended allegations would seek

3    to implicate the judge for actions or inactions associated with court proceedings involving

4    plaintiff's child custody issues.  Defendant Parker's motion to dismiss should be granted and this

5    defendant dismissed from the complaint with prejudice.

6    Although plaintiff does not set it forth plainly, a review of his exhibits leads this

7    court to the inference that he seeks to sue defendant Blansett, Deputy District Attorney for San

8    Joaquin County, and defendant County Counsel Molgaard because they evidently declined to

9    proceed with any investigation/prosecution with respect to plaintiff's allegations regarding

10   defendant Sieren.   Prosecutors are absolutely immune from civil suits for damages under § 1983

11   which challenge activities related to the initiation and presentation of criminal prosecutions.

12   Imbler v. Pachtman, supra, 424 U.S. 409, 96 S. Ct. 984.  Determining whether a prosecutor's

13   actions are immunized requires a functional analysis.  The classification of the challenged acts,

14   not the motivation underlying them, determines whether absolute immunity applies.  Ashelman

15   v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions,

16   rather than administrative or investigative functions, are absolutely immune.  Thus, even charges

17   of malicious prosecution, falsification of evidence, coercion of perjured testimony and

18   concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.

19   See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  Plaintiff's unformulated

20   allegations against defendants Blansett and Molgaard will be dismissed, but plaintiff will be

21   granted leave to amend within thirty days.

22   As to defendants Chelli and Steiner, plaintiff sets forth no allegations whatever

23   relating to these individuals in his complaint, and these defendants will be dismissed with leave

24   to amend within thirty days.  As to defendant Sieren, the county social worker against whom

25   plaintiff would like to see a criminal prosecution proceed, plaintiff has failed to set forth a

26   jurisdictional basis to proceed against him in a civil rights action in federal court, as, indeed he

1   has failed to do with respect to the other defendants as well.  Defendant Sieren will also be

2   dismissed but plaintiff will be granted leave to amend with thirty days.

3           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

5   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

6   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

7   there is some affirmative link or connection between a defendant's actions and the claimed

8   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

9   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

10  allegations of official participation in civil rights violations are not sufficient.  <u>See Ivey v. Board</u>

11  <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

12          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14  amended complaint be complete in itself without reference to any prior pleading.  This is

15  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

16  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18  original complaint, each claim and the involvement of each defendant must be sufficiently

19  alleged.

20          In accordance with the above, IT IS HEREBY ORDERED that:

21          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23  The fee shall be collected and paid in accordance with this court's order to the Director of the

24  California Department of Corrections and Rehabilitation filed concurrently herewith.

25          3.  The complaint is dismissed for the reasons discussed above, with leave to file

26  an amended complaint within thirty days from the date of service of this order.  Failure to file an

1   amended complaint will result in a recommendation that the action be dismissed.

2           IT IS RECOMMENDED that defendant Parker's October 31, 2006, motion to

3   dismiss be granted and defendant Judge Parker be dismissed from this action with prejudice.

4           These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6   days after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9   shall be served and filed within ten days after service of the objections.  The parties are advised

10  that failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: 6/19/07

13                                          /s/ Gregory G. Hollows
                                            _____
14                                          UNITED STATES MAGISTRATE JUDGE

15  GGH:009
    rutl1953.ofr

16

17

18

19

20

21

22

23

24

25

26